**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4284**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KENNETH JOSEPH JOHNSON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:91-cr-00529-DCN-2)

Submitted:  March 21, 2011          Decided:  April 6, 2011

Before NIEMEYER and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Christopher Mills, J. CHRISTOPHER MILLS, LLC, Columbia, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Jimmie Ewing, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Joseph Johnson appeals his sixty-three month sentence imposed on revocation of supervised release. He argues that there was an insufficient factual basis for revocation and that the district court's sentence was plainly unreasonable because the court failed to consider the U.S. Sentencing Guidelines Manual Chapter 7 policy statements in formulating his within-Guidelines sentence. We affirm.

## I.   Factual Basis

This court reviews the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); Johnson v. United States, 529 U.S. 694, 700 (2000). This court reviews factual determinations informing the conclusion that a violation occurred for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

Johnson notes that his supervised release violation was based on his recent federal conviction, and that his appeal of that conviction was pending before this court at the time he appealed his supervised release revocation and sentence. He

2

asserts that if the conviction is vacated, the basis for revocation will no longer be valid. We recently affirmed Johnson's underlying conviction and sentence. United States v. Johnson, No. 09-4280, 2011 WL 288522 (4th Cir. Jan. 31, 2011) (unpublished). Accordingly, there is no question that an adequate factual basis supported the district court's revocation decision.

## II. Sentence

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first review the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38 (2007)], whether a sentence is 'unreasonable.'").

3

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall, 552 U.S. at 51. This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Although the district court must consider the Chapter 7 policy statements and the requirements of § 3553(a) and § 3583, "the sentencing court retains broad discretion to revoke a defendant's probation [or supervised release] and impose a term of imprisonment up to the statutory maximum." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (citing Crudup, 461 F.3d at 439).

Johnson concedes that because he did not request a different sentence or object to his sentence, our review is for

4

plain error. See Lynn, 592 F.3d at 577 (applying plain error review to a claim that sentence was unreasonable where the defendant did not request a different sentence); Fed. R. Crim. P. 52(b). To establish plain error, Johnson must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Johnson satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

We have reviewed the record and conclude that Johnson has not satisfied this strict standard. He claims that the district court did not consider the Chapter 7 policy statements. While the court did not explicitly discuss the statements, we have held that the district court need not discuss the Chapter 7 statements, so long as it is clear from the record that the court considered the statements. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (district court "need not engage in ritualistic incantation in order to establish its consideration of [the Chapter 7 statements]"). Our review of the record leads us to conclude that the court did consider the

Chapter 7 statements, and the court did not err, let alone plainly so.

Accordingly, we affirm the judgment of the district court revoking supervised release and imposing a sixty-three month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED